UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MUHAMMED TILLISY,

                Plaintiff,

    v.

JACK FOX, *et al.*,

                Defendants.

Case No. C15-0300-JCC-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action proceeding under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff Muhammed Tillisy is a federal prisoner who is currently confined at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). He filed the instant action seeking monetary damages for alleged violations of his constitutional rights during the course of his confinement at FDC SeaTac. Specifically, plaintiff alleges in his complaint that his placement in the Special Housing Unit ("SHU") violated his due process rights and constituted cruel and unusual punishment. Plaintiff identifies the following FDC SeaTac officials and employees as defendants in his complaint: Warden Jack Fox, Associate Warden Eloise DeBruler, Correctional Officer Shauna Cagle, Special Investigative Agent Christopher

REPORT AND RECOMMENDATION - 1

Siwulec, and Captain Ronald Munoz.

Defendants now move to dismiss this action for failure to state a claim. They move, in the alternative, to revoke plaintiff's *in forma pauperis* status. Plaintiff has filed no response to defendants' motion. The Court, having reviewed defendants' motion, concludes that defendants' motion to revoke plaintiff's *in forma pauperis* status should be granted, that plaintiff should be directed to pay the filing fee or face dismissal of this action, and that defendants' motion to dismiss this action for failure to state a claim should be stayed until the filing fee is paid.

DISCUSSION

Defendants move to dismiss this action for failure of plaintiff to state a cognizable claim for relief. (*See* Dkt. 28 at 3-11.) Defendants request, in the alternative, that the Court revoke plaintiff's *in forma pauperis* status. (*Id*. at 12-16.) This Court deems it appropriate to address issues concerning the filing fee before proceeding to any disposition on the merits of plaintiff's claims. Accordingly, the Court will address defendants' alternate argument first.

Defendants argue that plaintiff has had at least three prior dismissals that qualify as "strikes" under 28 U.S.C. § 1915(g) and that he is therefore ineligible for *in forma pauperis* status. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceedings under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of plaintiff's prior litigation in the federal courts reveals that plaintiff has, in fact, had three prior cases dismissed as frivolous or for failure to state a claim. In May 2005,

REPORT AND RECOMMENDATION - 2

while incarcerated at the Spokane County Jail, plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Washington.  *See Tillisy v. Brady, et al.*, Case No. 2:05-cv-00153-CI (E.D. Wash.).  He alleged therein that he had been denied medication while in custody which resulted in permanent vision loss and required brain surgery.  On September 23, 2005, the Honorable Lonny R. Suko, United States District Judge, dismissed the action under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) based upon plaintiff's failure to state a claim upon which relief may be granted.  (*See* Dkt. 29, Ex. B.)  Judge Suko, in dismissing the action, expressly advised plaintiff that the dismissal of his complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g).  (*See id.*)

In March 2013, while incarcerated at the Snohomish County Jail, plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 in this Court.  *See Tillisy v. Deschenes, et al.*, Case No. C13-477-RSM.  He alleged therein that the deputy prosecuting attorney assigned to prosecute two criminal cases against him in Snohomish County Superior Court made misrepresentations to the trial court in order to first obtain unwarranted continuances and to then force plaintiff to proceed to trial before his trial counsel could adequately prepare a defense.  Plaintiff asserted that the deputy prosecutor's motive was to ensure that his criminal cases would be tried before a judge with whom she was allegedly having an inappropriate personal relationship. (Dkt. 29, Ex. E.)  On September 9, 2013, the Honorable Ricardo S. Martinez, United States District Judge, dismissed the action under 28 U.S.C. § 1915(e)(2)(B) based upon plaintiff's failure to state a cognizable ground for relief.  (*Id.*, Ex. F.)

In April 2013, while incarcerated at the Snohomish County Jail, plaintiff filed a civil complaint in the United States District Court for the District of Columbia.  *See Tillisy v. Nahyan*, Case No. 1:13-cv-00575-UNA (D.D.C.).  He alleged therein that Sheikh Sultan Bin Khalifa Al

REPORT AND RECOMMENDATION - 3

Nahyan, the grandson of the President of the United Arab Emirates and eldest son of the Crown Prince, failed to pay a debt incurred for "adult entertainment services" arranged by plaintiff. (Dkt. 29, Ex. C.) On April 25, 2013, the Court dismissed the action as frivolous under 28 U.S.C. § 1915A(b)(1). (*Id*., Ex. D.) Plaintiff was advised in the order of dismissal that the dismissal qualified as a strike under 28 U.S.C. § 1915(g). (*See id*.)

As plaintiff has filed at least three prior actions that were dismissed as frivolous or for failure to state claim, plaintiff's application to proceed *in forma pauperis* is barred by § 1915(g) unless he can show that he meets the exception provided by that rule, *i.e.*, he can show that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The exception applies only if the complaint contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007). Plaintiff's complaint contains no such allegation and the exception therefore does not apply in this instance. Accordingly, plaintiff is precluded from proceeding *in forma pauperis* and, thus, his *in forma pauperis* status should be revoked. *See Entler v. Wendt*, 2013 WL 2422750 (W.D. Wash. June 3, 2013) (granting motion to revoke *in forma pauperis* status).

## CONCLUSION

Based on the foregoing, this Court recommends that defendants' motion to revoke plaintiff's *in forma pauperis* status be granted. This Court further recommends that plaintiff be directed to pay the filing fee within 30 days of the date on which this Report and Recommendation is adopted, and that this action be dismissed if plaintiff fails to do so. Finally, this Court recommends that defendants' motion to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) be stayed until the filing fee is paid.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

REPORT AND RECOMMENDATION - 4

served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 2, 2015**.

DATED this 4th day of September, 2015.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5